**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
_Southern_ **DIVISION**

Terry D. Owens )
_____ )
_____ )
_____ )
*Enter above the full name of Plaintiff or Plaintiffs* )
)
**vs.** )
) **CASE NO.** 13-3433-CV-5-JFM
Central Bank, Boone County )
National Bank, Central Bancompany )
)
_____ )
*Enter above the full name of Defendant or Defendants* )

**CIVIL COMPLAINT**

**I.** **Parties to this Civil Action**

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any, on back side of this sheet.)

A. Name of Plaintiff: Terry D. Owens

Address: 4124 State RT. 17

Pomona, MO. 65789

B. Name of Defendant(s): Central Bank, AO 0002045
Central Bank X 00126219, Central Bank X 00189569
Boone County National Bank, Central Trust Bank,
The Central Trust Bank, Central Bancompany, Central Bancompany Inc,
Central Bancompany Merger Corportion, James Gerlike, Alstonum

1

## II. Statement of Claim

(State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of **related** claims, number and set forth each claim in a separate paragraph. [Use as much space as you need to state the facts. Attach extra sheets if necessary.] **Unrelated** separate claims should be raised in separate civil actions.)

To be made whole Ac: violations pursuant to
FCRA 15 U.S.C. §1681n and FCRA 15 U.S.C. §1681o, and
FDCPA 15 U.S.C. §1601 et seq.

## III. Relief

State briefly exactly what you want the Court to do for you.

To be made whole

Make no legal arguments. Cite no cases or statutes.

## IV. Do you claim the wrongs alleged in your complaint are continuing to occur at the present time?

Yes ☒        No ☐

## V. Do you claim actual or punitive monetary damages for the acts alleged in your complaint?

Yes ☒        No ☐

If you answered yes, state the amounts claimed and the **reasons** you claim you are entitled to recover money damages

Ongoing damages pursuant to FCRA:

2

## VI.     Counsel

Do you have an attorney to represent you in this civil action?

Yes ☐          No ☒

A.     Have you made any effort to contact a private attorney to determine if he or she would represent you in this civil action?

Yes ☐          No ☒

B.     If you answered yes, state the names and addresses of the attorneys contacted, and give the results of those efforts.

_____

_____

_____

C.     If you answered no, state your reasons why no such efforts have been made.

*MONETARY* _____

_____

_____

## VII.     Administrative Procedures

A.     Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency?

Yes ☐          No ☒

B.     If you answered yes, state the date your claims were presented, how they were presented, and the result of that procedure.

_____

_____

_____

3

C.     If you answered no, give the reasons, if any, why the claims made in this action have not been presented through Administrative Procedures.

_____

_____

_____

Signed this _____ day of _____, 20__

*Terry D. Owens*
*Signature of Plaintiff(s)*

_____

## VERIFICATION
### (All parties must verify)

State of _____   )
                               )
County of _____   )

_____, being first duly sworn under oath, presents that he/she is the Plaintiff in this action; that he/she knows the contents of the complaint; and that the information contained therein is true to the best of his/her knowledge and belief.

*Terry D. Owens*
*Signature of Plaintiff(s)*

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 20___.

_____             _____
Notary Public                                  My Commission Expires

4

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MISSOURI

### SOUTHERN DIVISION

TERRY D. OWENS

Plaintiff Pro'se

     V.

Defendant – Central Bank
# K00002095
Co – Defendant – Central Bank
X00126219
Co – Defendant – Central Bank
X00189569
Co – Defendant – Boone County National Bank
a.k.a.( also known as )an Affiliate/Member
Bank of Central Bancompany family of Banks
a.k.a also known as a ( non registered entity)
also listed as the Secured Party for 500 +
Missouri registered entitys
Co – Defendant – Central Trust Bank
( non registered entity ) a.k.a. also known as
The Central Trust Bank
Co-Defendant – Central Bancompany
a privately held Holding Company
Co – Defendant – Central Bancompany Inc.
The Corporate Holding Company
Co – Defendant – Central Bancompany Merger Corporation
Co – Defendant James Gerling – Bankcard Officer
Co – Defendant Al Stonum Sr. Vice President
& Bankcard Director
DOES 1 thru 10

Case No 13-3433-Co-5-JFM

Civil Rights Complaint

Trial by Jury Demanded Pursuant to
FCRA 15 U.S.C. § 1681n et seq . And
FCRA 15 U.S.C. § 1681o et seq . And
FDCPA 15 U.S.C. § 1601 et seq .

Page 1

## PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

Comes now, plaintiff Terry D. Owens ; Plaintiffs complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq . ( FDCPA ) and the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq . ( FCRA ). At all times herein mentioned , the plaintiff is a resident of the State of Missouri , and at all times a resident of the County of Howell . And is defined as such Pursuant to the Fair Credit Reporting Act 15 U.S.C. § 1681a(c) . And the Fair Debt Collection Practices Act 15 U.S.C. § 1692k(d) , in that the defendants transact business here , and that a substantial part of the violations and or omissions rise to the claim occurred within this Judicial District .

## JURISDICTION AND VENUE

Jurisdiction of this Honorable Court arises Pursuant to 15 U.S.C. § 1681p and 15 U.S.C. § 1692k(d) , and which states that such actions may be brought before any United States District Court without regard to the amount in controversy . The defendants are located at the following address ; 238 Madison St. , Jefferson City , Missouri 65101 . As such defendant'(s) are a Credit Lender , therefore goverened under the law by the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq . , as well as the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq . Plaintiff brings this action to the fact as to how an alleged debt / Account was or was not reported correctly , and erroneous and inaccurate information in the CRA's , and failed to provide proof of the alleged debt , and wrongful actions of the defendant'(s) in the credit reporting of this alleged account . Violated the Civil Rights of Plaintiff pursuant to the FCRA 15 U.S.C. § 1681 et seq., & FDCPA 15 U.S.C. § 1692 et seq., And the state of Missouri abides by and adheres to these laws .

## SUBJECT MATTER JURISDICTION — FEDERAL COURTS JURISDICTION

The district courts shall have original jurisdiction of all civil actions arising under the Constitution , Laws or Treaties of the United States . " 28 U.S.C.§ 1331 . Generally, [a] case arises under Federal Law where the Federal Law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of Federal Law . Federal question jurisdiction is found only where a federal question appears on the face of a properly pleaded complaint . Caterpillar Inc. v. Williams , 482 U.S. 386,392 ( 1987 ) . Here are the two claims that fall within the Court's subject matter jurisdiction on the basis of a federal question :
( 1 ) the FDCPA claim ; and
( 2 ) the FCRA claim .

## PARTIES

Plaintiff is a natural person, and at all times a resident of the County of Howell. And at all times a resident of the State of Missouri, and as such [d]efined pursuant to the FCRA 15 U.S.C. § 1681a(c).

Defendant's(s) are a credit lender and as such [d]efined by the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 et seq, and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 et seq. Central Bancompany is a 10 Billion Dollar Holding Co. Headquarted at 238 Madison St., Jefferson City, Missouri 65101. The Holding Company is comprised of thirteen separately charted and branded full service banks. On information and belief defendant's(s) maintain as its primary corporate location via (by way of) registered agent Ron Medin c/o Central Bancompany 238 Madison St. Jefferson City, Missouri 65101. And was created on 6/7/1971. Co-Defendant, Central Bancompany Merger Corp. is a Missouri corporation merged on 3/25/2005. And its registered agent is Charles A. Weber located at 238 Madison St. Jefferson City, Missouri 65101. On information and belief is the Corporation for the merging of all Central Bancompany member/affiliate banks, all of which are branded full service banks of which are in the processing and management of credit lending as well as maintaining records and reporting information to the CRA's. Thus governed under the law by the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act 15 U.S.C. § 1601 et seq. Defendant " Central Bank " as used in the [ TRUE NAME ] form only exists with the Missouri Secretary of State as three separate Corporate filings as # K00002095, # X00126219, # X00189569, and are( a.k.a. also known as ) Central Trust Bank, on information and belief is a ( non registered entity ) within the Missouri Secretary of State. Thus governed under the law by the Fair Debt Collection Practices Act (FDCPA) § 1601 et seq., and the Fair Credit Reporting Act (FCRA ) et seq. Co-Defendant Al Stonum and Sr Vice President & Bankcard Director is a natural person, and an employee of defendant's(s), thus on information and belief directly and/or partly involved in the issuing and over-seeing of credit approval/lending, as well as managing of and/or reporting information to the CRA's. Co-defendant James Gerling Bankcard Officer is a natural person and an employee of defendant's(s). Thus on information and belief is involved in the over-seeing of reporting information to the CRA's. Co-defendant Boone County National Bank, on information and belief, and by use of the [TRUE NAME] is a ( non registered entity ) via ( by way of ) the Missouri Secretary of State web-site, and a affiliate/member bank of the Central Bancompany family of banks, and the secured party for 500 + Missouri registered entitys. Thus governed under the law by the FCRA, and the FDCPA.

Page 3

The true names and capacities whether individual , corporate , associate , governmental , or otherwise of defendant's(s) DOES 1 thru 10 , are unknown to plaintiff at this time , Who therefore sues said defendant's(s) by such fictious names . When the true names and capacities of said defendant's(s) have been ascertained . Plaintiff will amend this complaint accordingly . Plaintiff is informed and believes , and thereon alleges that each defendant designated herein as a DOE is responsible , and/or negligent in some other actionable manner , for the events and happenings hereinafter referred to and caused damages thereby to the plaintiff , as hereby alleged . Defendant's(s) , DOES 1 thru 10 , are and each of them is responsible under the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq and the Fair Debt Collection Practices Act 15 U.S.C. § 1601 et seq , within its meaning . At all times herein mentioned each of the defendant"(s) was an Officer , Director , Agent , Servant , Employee , and/or joint venture of his/her co-defendant and each of them , and at all times each defendant was acting in the full scope of said office , directorship , agency , service , employment , and or joint venture . Defendant's(s) authorized , approved , conducted and or ratified the wrongful acts herein . Any reference to " defendant"(s) , DEFENDANTS , Defendant , Defendants , or Defendant's(s)" , without further qualification is meant by plaintiff to refer to each defendant , and all of them named herein .

Plaintiff are informed and believes and thereon alleges that at all times herein mentioned , defendant's(s) DOES 1 thru 10 , inclusive , were and are individuals , corporations , LLC – Limited Liability Companies(s) , Investment Holding Corporations , Trust(s), Merger(s) , aquistion(s) , and or Affiliate(s) . Limited Liability Partnerships , General Business Companies , which are Alien to and/or offshore/overseas/outside of the [M]eaning of U.S. and/or United States , U.S.A. United States of America , and or Alien to the Jurisdiction to the U.S. , United States , Unincorporated Associations , sole propietorships and or other entities such as fictious registrants that fall outside the scope of the "Corporate Affiliate " exclusion and/or [ m]eaning of FDCPA § 1692a(6)(B) , and/or acting in the capacity of a secured party and/or under the capacity or behind the guise of a secured party organized and existing under and by the laws of the State of Missouri and/or the laws of some other State or Foreign Jurisdiction'(s) within its meaning . And said defendant's(s) and each of them of them have regularly conducted business in said Missouri Counties and this Judicial District .

## FACTUAL   ALLEGATIONS

Plaintiff Terry D. Owens was a Missouri Licensed Insurance Agent and for several years had established a noteworthy insurance career .

Page  4

However for several years has battled " Chronic Health Concerns " and at times severe enough that plaintiff was subjected to long-term bedrest . On May 1st , 2008 plaintiff was forced out of his home of several years , due in part to credit/financial concerns that led to health concerns . And since that time has been " forced " to live with relatives and for a short time was selling insurance once again . And again " Chronic Health Issues " began to occur , and once again was forced to permanent bedrest . And do to differences with relatives , was once again " forced " to move in with another relative . However this time time the plaintiffs marketing and independent contractor/lead employer , Equita final expense marketing co. , would not finance the lead costs . Forcing plaintiff to use a ' high interest rate – personal loan firm out of Nixa , Missouri see plaintiff exhibit # 99 , because of the negative information that continually appeared on the plaintiff's CRA's . And once again was receiving threatening phone calls from alleged creditors threatening lawsuits . And once again causing severe disturbances among relatives . And having no where else to live caused a complete physical breakdown . That has become permanent since December of 2011 . Plaintiff has been diagnosed with a permanenant form of " CFS – Chronic Fatigue Syndrome " , see Nurse Practioner Dave McVickers Notarized Affidavit , dated Febuary 27 , 2013 , marked plaintiff exhibit AA . And therefore the courts use as well as opposing counsel can and will be available only upon request pertaining to discovery and/or for use at trial for the Jury(s) review , in addition to the Exhibit marked AA , there is an complete medical file that is ' complete , true and accurate " . On or about April of 2010 plaintiff became aware of " negative Discrepancies " within the CRA's . And on March 17, 2010 plaintiff hired Lang Smith to correct plaintiffs credit concerns within the CRA's . Mr Lang Smith company is located at the following address : 1401 Riverplace Blvd . , Suite 706 , Jacksonville Florida , see plaintiff exhibit J . Plaintiff then hired a second company referred herein as Trinity Credit Repair Services , marked exhibit 4a , to once again correct the CRA's , but to no avail . Plaintiff worked within the system of disputing this account with defendant'(s) for well over three years . See plaintiff's exhibits A1 , 22 , 23 . In exhibit # 22 Defendant James Gerling mentions in his letter dated Febuary 24 ,2012 , " Please fill out and return the form in the envelope provided , Thank you . Sincerely James Gerling Bankcard Officer " .

Then on March 22 , 2012 once again James Gerling now mentions that the Fair Debt Collection Practices Act does not apply to this situation , and again fill out a form and mail it back , see plaintiffs exhibit # 23 . On March 18 , 2013 defendant Al Stonum mentions in his letter that the FDCPA does not apply in this instance , and additionally he states Central Trust Bank is the primary issuer and debtor of this account , and has both the authority and responsibility to accurately report the account credit history to the credit bureaus , see plaintiff's exhibit A1 .

Page 5

Referring to defendant Al Stonum's signed letter dated March 18, 2013, defendant signs this letter on an affiliate banks letterhead, with the " central bank logo " appearing on the top center of the defendants letter, and bottom center page is " central bank, Jefferson city, Missouri 65101, 573/634-1234 Member Central Bank Group . Plaintiff then ran a Query using only the [ true name'(s) ] of Central Trust Bank, Central Bank, and Boone County Bank, via (by way of ) the Missouri Secretary of State web-site, corporations section, and utilizing the criteria listed as , [ exact match ] and [ only Active Corporations ] the Missouri Secretary of State, stated clearly, and after repeated attempts [ NO RECORDS FOUND FOR THE SEARCH CRITERIA ] . Plaintiffs CRA's since April of 2010 have shown a negative credit score, along with the company central trust bank repeatedly showing in all three CRA's . This caused a direct interference of Plaintiffs business, and a complete loss of business revenue/salary, explained below ;

Plaintiff had worked a senior market of marketing/selling specifically final expense insurance products . And this business requires " Direct Mail Response Leads ", thus requiring good to excellent credit in order to finance these particular leads from " vendors " ( associated with this business), and at an approximate annual cost per agent of $ 55 , 000 .00 . And without good or excellent credit, and or at least a high end credit card of at least a $10 ,000.00 limit made it completely impossible to work plaintiffs business . Therefore the reasons stated within this complaint has made it completely clear that plaintiff cannot work his business ( possibly ever again ) . First and foremost plaintiffs health has deteriated so poorly that plaintiff cannot work, plaintiff has tried to work, and is completely unable . And secondly as a direct result of defendant'(s) reprehensible business practices has completely eliminated all possibility of long term financing for my business .

PLAINTIFF'S FACTUAL MEDICAL HISTORY

Starting on and around the Month of December of 2011 , plaintiffs health rapidly deteriorated into a perpetual condition of " C F S – CHRONIC FATIGUE SYNDROME " see , Nurse Practioner Dave McVicker,s Notarized Affidavit, dated Febuary 20 , 2013 . Plaintiff is now on a daily basis using a nebulizer, injectable medicines, this is accomplished – once per morn. & - once per evening . Plaintiff has never used ( D M E ) durable medical equipment . Plaintiff has always been able to recover and continue to pursue a career . However plaintiff is now in daily pain, daily fatigue, and at times so severe requiring daily and longterm bedrest, this is also interrupted by serious bouts of insomnia . All is completely documented . And mentioned previously within plaintiffs complaint the medical file is "complete , true and accurate " .

Case 6:13-cv-03433-MDH   Document 6   Filed 02/24/14   Page 10 of 30

# VIOLATIONS OF THE FDCPA AGAINST DEFENDANT'(s)

## BACKGROUND LAW

In enacting the FDCPA , Congress sought to counter the abusive , deceptive and unfair debt collection practices sometimes used by debt collectors against consumers . " Turner v. Cook , 362 F3d 1219 , 1226 – 27 ( 9th Cir. 2994 ) . Plaintiff alleges violations of 15 U.S.C. § 1692e and § 1692f ; 15 U.S.C. § 1692e provides that a " debt collector may not use [ any ] false , deceptive or misleading [ representation ] or [ means ] in connection with the collection of any debt , " and 15 U.S.C. § 1692 provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt ." Because the prohibitions in 15 U.S.C. § 1692e and § 1692f only apply to debt collectors, the complaint must plead factual content that allows the Court to draw reasonable inference that defendant'(s) are debt collectors . Schlegel v. Wells Fargo Bank N A , 720 F. 3d 1204 , 1208 ( 9th Cir . 2013 ) . The FDCPA defines the term " debt collector " to include , :

   (1) " any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . " and ,

   (2) any person " who regularly collects or attempts to collect , directly or indirectly , debts owed or due another or asserted to be owed or due another . "
   15 U. S. C. § 1692a(6)

Moreover the prohibitions in 15 U. S. C. § 1692e and § 1692f apply to ( [ c] onduct ) " in connection with the collection of any debt " and [c]onduct " to collect or attempt any debt " [] " respectively . This authority is [ P] ersuasive .

Page 7

Under the FDCPA, claims are assessed from the perspective of the " least sophisticated debtor." Herrera v. LCS Fin. Servs. Corp., 2009 WL 5062192 at * 4 (N.D. Cal. Dec. 22, 2009) (Citing Swanson v, S. Or. Credit Serv., 869 F. 2d 1222 1225 (9th Cir 1989). "If the least sophisticated debtor would 'likely be misled' by a communication from a debt collector, the debt collector has violated the Act." Guerro v. RJM Acquisitions LLC, 499 F. 3d 926 934 (9th Cir. 2007) (citing Swanson, 869 F. 2d at 1225). "This objective standard ensure[s] that the FDCPA proctects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous." Clark v. Capitol Credit & Collection Servs., 460 F. 3d 1162, 1171 (9th Cir. 2006) (Citation omitted). The Eighth Circuit uses this unsophisticated consumer standard. See e. g., Duffy v. Landberg, 215 F 3d 871, 873 (8th Cir. 2000). Several Courts have held that the least – sophisticated – consumer standard also encompasses a materiality requirement : that is, statements must be materially false or misleading to be actionable under the FDCPA. See Warren v. Sessions & Rogers P.A. 676 F. 3d 365, 374 (4th Cir 2012). Courts have held that violations grounded in " false representations " must rest on material misrepresentations. Wallace v Washington Mut. Bank, F. A., 683 F. 3d 323, 326 (6th Cir 2012).

## VIOLATIONS OF THE ANTI - FRAUD PROVISIONS OF THE FDCPA 15 U.S.C. §

## 1692a(6) AND 15 U.S.C. § 1692e(14)

Section § 1692a(6) is the starting point for liablility under the statute, and not the end, Section 1692a(6) works in concert with § 1692e(14). Section 1692e outlines sixteen types of conduct that violate the Act. Relevant to this case § 1692e(14) applys to the [ conduct] of the creditor " in connection with the collection of any debt, and any person connected with the collection of a debt. On information and belief Plaintiff contends that the " corporate affiliate " exclusion under §1692a(6)(B) is not applicable in the matter at hand., § 1692e(14) provides that a debt collector violates the FDCPA when it uses " any business, company, or organization name other than the [ True Name ] of the debt collectors business. company or organization. Defendant Al Stonum letter of March 18, 2013 marked Plaintiff exhibit A1, Inassuch defendant Al Stonum states that Central Trust Bank is the ( actual issuer ) of the referenced credit card account, issued through one of the member/affiliate banks within the Central Bancompany family of Banks, of which Boone County National Bank is a member. And defendant Al Stonum's letter

Page 8

signed and dated on an affiliate company's letterhead referred herein as defendant ( Central Bank ) with the central bank logo appearing at the top center of the defendant's letter , and bottom center page is " central bank , Jefferson City , Missouri 65101 . 573/634 – 1234 Member Central Bank Group . " Plaintiff then ran a Query using only the [ True Name'(s) ] of Central Trust Bank , Central Bank , and Boone County Bank , via ( by way of ) the Missouri Secretary of State web – site , corporations section , and utilizing the criteria listed as , [ exact match ] and [ only Active Corporations ] the Missouri Secretary of State , stated clearly ; [ NO RECORDS FOUND FOR THE SEARCH CRITERIA ] . On information and belief based primarily upon defendant Al Stonum letter and the Missouri Secretary of State web – site information , these supposed registered corporations exist as a [ NON ENTITY ] . The corporate affiliate exclusion only applies if the affiliate only collects debts for [ entities ] with which it is related , Daley v. Provena Hosp . , 88 F. Supp. 2d 881 , 887 ( N.D. Ill 2000 ) . The same is true of a creditor who uses any name other than his own which would indicate that a third party/person is attempting to collect the debt . See 15 U.S.C. § 1692a(6)( " Notwithstanding the exclusion provided in clause ( F ) of the last sentence of this paragraph , the term [ debt collector ] includes any creditor who , in the process of collecting his own debt's uses any name other than his own would indicate that a third party/person is collecting or attempting to collect such debts . " ) No such creditor may escape liability by alleging that it is neither a creditor , nor a debt collector and thus not subject to the FDCPA . Plaintiff has shown there is plausible factual evidence that Central Bank , a.k.a. (also known as ) Central Trust Bank , is attempting to collect debts under an ' unknown name and or an unregistered fictious entity ' , furthermore by way of definition the term " Loan Servicer " is available under the" Federal Real Estate Settlement Procedures Act RESPA , 12 U.S.C. § § 2601- 2617 , which defines " loan servicing " as " receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ." 12 U.S.C. § 2605(i)(3) . Based on this definition and in light of its corporate name , principal business , can be inferred that the defendant(s) by and through the very nature of their business , and moreover by definition prescribed within 12 U.S.C. § 2605(i)(3) is a debt collector within the meaning of the FDCPA . See Oppong v. First Union Mortg. Corp., 215 F., App' x 114 , 118 – 19 (3d Cir. 2007 ) ; Shugart v. Ocwen Loan Servicing , 747 F. Supp. 2d 938 942 – 43 ( S. D. Ohio 2010 ) ; Llewellyn v. Shearson Fin. Network , Inc., 622 F. Supp . 2d 1062 , 1073 ( D. Colo 2009 ) .

Page 9

## VIOLATIONS OF THE FCRA AGAINST DEFENDANT(S)

### BACKGROUND   LAW

The FCRA imposes a [D]uty upon [f]urnishers of credit information to CRA's regarding a consumers credit . 15 U.S.C. § 1681 s - 2(a)(1)(A) . Upon receiving notice from a CRA that a consumer disputes the information a furnisher has provided , the furnisher is required to :

( 1 ) investigate the veracity of the disputed information ;

( 2 ) review the information provided by the credit reporting agency ;

( 3 ) correct any inaccuracies uncovered by the investigation § 1681s – 2(b)(1)(A) – (D) While a consumer cannot bring a private cause of action for a violation of a furnisher's duty to report truthfull information , a consumer may recover damages for a willful violation of 15 U.S.C. § 1681s – 2(b)(1)((A)-(D) . Stafford v. Cross County Bank , 262 F. Supp. 2d 776 , 782 – 83 ( W.D. Ky. 2003 ) . Where a furnisher is found to have [W]illfully violated § 1681s – 2(b)(1) , the consumer/plaintiff may recover " [A]ctual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and  not more than $ 1,000 . " 15 U.S.C. § 1681n (a)(1)(A) . In order to recover Actual damages , a plaintiff must show that the violation of the statute caused the loss of credit , and/or other harms , such as :

(  an unapproved home mortgage loan )

( an unapproved home improvement loan  ' HELOC ' )

( an unapproved personal loan )

( an unapproved business loan )

( an unapproved and/or denied credit card application )

( increased insurance rate/costs ) , etc .

### THE  UNITED  STATES SUPREME COURT STANDARD OF REVIEW

#### PERTAINING TO PUNITIVE DAMAGES

The FCRA provides for an award of [P]unitive damages for [W]illful noncompliance with the statute in an amount as the court may allow . 15 U.S.C. § 1681n(a)(1)(B)(2) . The 8th Circuit has held that while [M]alice or evil motive is not required to award punitive damages pursuant to 15 U.S.C. § 1681n , the defendant must have committed a willful violation by knowingly and intentionally committing an act in conscious disregard for the rights of others . Stevenson 987 F 2d at 293 – 94 .

Page   10

The Supreme Court's approach to review the Constitutionality of a punitive damage award is laid out in the case of, State Farm Mutual Automotive Insurance Co. v. Campbell, 538 U.S. 408, 418 ( 2003 ). In state farm the Supreme Court noted that punitive awards, designed as tools of deterrence and retribution, have upward limits imposed by the elementary notions of fairness contained in the Due Process Clause. 538 U.S. at 416-17. The Supreme Court laid out three guideposts for courts to consider in reviewing the Constitutionality of punitive awards :
( 1 ) the reprehensibility of the defendant(s) conduct ;
( 2 ) the disparity between the actual harm suffered by the plaintiff and the size of the punitive damage award ; and
( 3 ) the difference between the punitive damages awarded and or the civil or criminal penalties imposed or authorized for comparable misconduct .

### REPREHENSIBLITY OF DEFENDANTS CONDUCT

The Court stated that the reprehensibility of the defendant'(s) conduct is the most important factor in determining the Constitutionality of the punitive award. Id. At 419. In considering this first guidepost, the Court stated that the following factors are important :
( 1 ) whether the harm caused was physical or economic ;
( 2 ) whether the conduct showed an indifference or reckless disregard for the health or safety of others ;
( 3 ) whether the target of the conduct was financially vulnerable ;
( 4 ) whether the conduct involved repeated actions or merely the result of an isolated instance ; and
( 5 ) whether the harms was caused by intentional malice, trickery, or deceit or was rather accidental. Id.


FIRST CRITERIA – Similar to the situation in State Farm, plaintiff is financially harmed as the result of defendants tortious behavior in the economic realm, plaintiff has shown the ongoing physical ailments are a direct result from ongoing ' financial distress '. The first factor ' economic realm only ' has been met , ( noting that plaintiff's were awarded $ 1 million for emotional distress, and later noting that no physical injuries were present in the case ) :
SECOND CRITERIA – Similiarly, because defendant'(s) action,s occurred were repeated and specifically directed towards plaintiff. It can be said that the tortious conduct displayed an indifference or reckless disregard for the Health and Safety of plaintiff . Therefore, the second indicator of reprehensibility has been met :

Page 11

THIRD CRITERIA - Regarding the third factor, plaintiff has shown financial vulnerability. Plaintiff was forced to use a high " interest rate – personal loan " to fund a business, as defendant(s) actions resulted in a negatively impacted credit score. However the factor laid out in state farm, does not require that the defendant target the victim specifically because of his vulnerability, but rather requires only that the target be financially vulnerable. And case at hand has met not only financial vulnerability, but was specifically targeted. The third factor has been met :

FOURTH CRITERIA - Plaintiff must prove, was conduct the result of repeated actions, or an isolated incident. It appears that the Supreme Court has interpreted this factor to require that the similar reprehensible conduct be committed against various parties rather than repeated reprehensible acts within the single transaction with the plaintiff. See BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 576 – 77 (1996) ( in considering fourth factor, receiving whether defendant'(s) actions in this instance " formed part of a nationwide pattern of tortious conduct " ) ; see also State Farm, 538 U.S. at 423 looking for indications that the " conduct in question replicates the prior ' transgression ' against other insurds in determining whether punitive damage award was justified ; Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co., 399 F. 3d. 224, 232 ( 3d Cir 2005 ), ( noting that the district court improperly interpreted the fourth factor to mean " a pattern of contemptible conduct within one extended transaction " rather than " specific instances of similar conduct the defendant in relation to other parties " ). Plaintiff has shown on three separate occasions and by two separate Bank Officers/employees via ( by way of ) their statements repeatedly mentioning that the FDCPA and the FCRA does not apply in this instance is an [A]dmission of a ( [B]reach of [D]uty ). Therefore the fourth factor has yet to be ascertained in respect to whether or not involving additional clientel only :

FIFTH CRITERIA – The court must consider whether actions were the product of intentional malice as opposed to mere accident. The Plaintiff must produce factual knowledge of an ongoing, and intentional as well as a wreckless situation that continually occurred, as to establish a pattern, that will support a finding of intentional - [Malice, Trickery or Deceit ]. Defendant'(s) by way of their own signed statement'(s) have repeated that they have no [D]uty to follow the FDCPA and the FCRA in this instance, but rather the clients responsibility. Therefore the defendant'(s) have breached a known and established Federal Statutory [D]uty. Defendant'(s) have knowingly and repeatedly violated in a [T]ortious manner by continuing to falsely report to the three CRA's for in excess of three years. Which has negatively impacted Plaintiffs credit score and directly interfered with plaintiffs business. Therefore plaintiff has met the fifth criteria :

# BREACH OF DUTY AND TORTIOUS BEHAVIOR

## BACKGROUND LAW

" Civil conspiracy is not an independent tort . Instead , it is a [ Legal Doctrine ] , that imposes liability on persons who , although not actually committing a tort themselves , share with them the immediate tortfeasers , a common plan or design in its perpertration . [Citation.] By participation in a civil conspiracy , a coconspirator effectively adopts at his or her own the torts of other coconspirators within the ambit of the conspiracy . [Citation] In this way a coconspirator incurs tort liability co- equal with the immediate tortfeasers . " City of Industry v. Fillmore 198 Cal. App. 4th 191 , 211 − 12 , 129 Cal . Rptr . 3d 433 ( 2011 ) . " The elements of a civil conspiracy are ;

( 1 ) the formation of a group of two or more persons who agreed to a common plan or design to commit a tortious act ;

( 2 ) a wrongful act committed pursuant to the agreement ; and

( 3 ) resulting in damages . "

## NEGLIGENCE AGAINST ALL DEFENDANTS

## BACKGROUND LAW

To state a claim for negligence , a plaintiff must allege :

( 1 ) the defendant'(s) legal duty of care to the plaintiff :

( 2 ) breach of that duty ;

( 3 ) causation ; and

( 4 ) resulting injury to the plaintiff .

THE LEGAL DUTY OF CARE MAY BE OF TWO GENERAL TYPES :

( A ) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated , or

( B ) an affirmative duty where the person occupies a particular relationship to others .

The existence of a legal duty stems from [ 15 U.S.C. § 1681s − 2 et seq . ] Therefore the law is [ Known and Established ] ; and is the [D]uty of defendant'(s) to follow the guidelines established within . However defendant'(s) have willfully failed to comply within a clearly established law , moreover known as § 623 Responsibilities of furnishers of information to CRA,s . Defendant'(s) have repeatedly responded that § 623 is not the defendant'(s) ( Central Trust Bank's ) duty , but the plaintiffs responsibility . Therefore as a direct result of defendant"(s) negligence actions . Plaintiff has sustained actual Damages - see section marked [ Actual Damages ] : .

Page 13

The Plaintiff is a "consumer within the meaning of the FCRA [ 15 U.S.C. § 1681a(c) ]
The Defendant is a "furnisher of information" / person within the meaning of the FCRA
[ 15 U.S.C. § 1681s-2 et seq. ]
Failure to do and investigation section § 623 Responsibilities of furnishers of information
to consumer reporting agencies :

( 8 ) Ability of consumer to dispute Information Directly with Furnisher .
( A ) In general . The Federal banking agencies , the National Credit Union
Administration , and the Commission shall jointly prescribe regulations that shall
identify the circumstances under which a furnisher shall be required to
reinvestigate a dispute concerning the accuracy of information contained in a
consumer report on the consumer , based on a direct request of a consumer . :
( E ) Duty of person after receiving notice of dispute . After receiving a notice of
dispute from a consumer pursuant to subparagraph ( D ) , the person that
provided the investigation in dispute to a consumer reporting agency shall -
( i ) conduct an investigation with respect to the disputed information ;
( ii ) review all relevant information provided by the consumer with the notice ;
( iii ) complete such person's investigation of the dispute and report the results
of the investigation to the consumer before the expiration of the period
under section 611(a)(1) within which a consumer reporting agency would be
required to complete its action if the consumer had elected to dispute the
information under that section ; and ( the defendant has failed to do this )
( iv ) if the investigation finds that the information reported was inaccurate ,
promptly notify each consumer reporting agency to which the person furnished
the inaccurate information of that determination and provide to the agency any
correction to that information that is necessary to make the information
provided by the person accurate .
( 7 ) Negative Information
( A ) Notice to Consumer Required
( i ) In General . In any financial institution that extends credit and regularly
and in the ordinary course of business furnishes information to a consumer
reporting agency described in section 603(p) furnishes negative information
to such an agency regarding credit extended to a consumer , the financial
institution shall provide a notice of such furnishing of negative information ,
in writing , to a consumer .
( ii ) Notice effective for subsequent submissions . After providing such notice ,
the financial institution may submit additional negative information to a

Page    14

consumer reporting agency described in section 603(p) with respect to the same transaction, extension of credit, account, or customer without providing additional notice to the customer.

(B) Time of Notice

(i) In General. The notice required under subparagraph (A) shall be provided to the customer prior to, or no later than 30 days after, furnishing the negative information to a consumer reporting agency described in section 603(p).

(ii) Cooridination with new account disclosures. If the notice is provided to the customer prior to furnishing the negative information to a consumer reporting agency, the notice may not be included in the initial disclosures provided under section 127(a) of the Truth in Lending Act.

(C) Coordination with other disclosures. The notice required under subparagraph.

(A) —

(i) may be included on or with any notice of default, any billing statement, or any other materials provided to the customer; and

(ii) must be clear and conspicuous.


## ACTUAL KNOWLEDGE STANDARD, 8TH CIRCUIT

Articulated by the Eight Circuit in Phillips v. Grendahl, 312 F.3d 357, 368-70 (8th Cir. 2002).

## RECKLES DISREGARD STANDARD

Under the approach, the term [W]illfully entails a " conscious disregard " of the law, which means " either knowing that policy [ or action ] to be in contravention of the rights possessed by consumers pursuant to the FCRA or in wreckless disregard of whether the policy [ or action ] contravened those rights. " see Reynolds 435 F.3d at 1098, Cushman, 115, F 3d at 227. Inasmuch, allowing plaintiffs to prove willfulness to showing a defendants " reckless disregard " of the law's requirements is more appropriate. Under the Eight Circuit's articulation of this standard " a willful failure to institute procedure to avoid recklessness on part of its employees " " can support an inference that the defendants knew that their actions were impermissible ". Where willfulness is a [S]tatutory condition of civil liability, and generally taken it to cover not only knowing violations of a standard, but reckless ones as well, Safeco Ins. Co. of Am. V. Burr, 551 U.S. 47, 57 ( 2007 ).

Case 6:13-cv-03433-MDH   Document 6   Filed 02/24/14   Page 19 of 30

## ACTUAL DAMAGE AWARDS -- CASE CITES

In order to recover actual damages a plaintiff must show the violation of the [S]tatute caused the ( loss of credit or some other harm ). Crabhill v. Trans Union , LLC 259 F. 3d 662 , 664 ( 7th Cir 2001 ) , Bach v. First Union Bank , 149 Fed App' x. 354 , 361 ( 6th Cir 2005 ). Sagliardo v. Connaught Labs ., Inc., 311 F. 3d 565 , 573 – 74 ( 3d Cir 2002 ) ( upholding $ 2 million dollar compensatory damage award , $1.55 million of which was awarded for pain and suffering due to disability/discrimination ) .

## RESTATEMENT ( SECOND ) of TORTS , § 908

Compensatory damages : contain the punitive element . See Restatement (Second ) of [T]orts , § 908 , Comment c , p. 466 ( 1977) ( " in many cases in which compensatory damages include an amount for emotional distress , such as humiliation or indignation aroused by the defendant's act , there is no clear line of demarcation between punishment and compensation and a verdict for a specified amount frequently includes elements of both . " ) .

## [ ACTUAL DAMAGES ]

### PLAINTIFF'S ACTUAL DAMAGES PURSUANT TO
### " DEFENDANTS ' S ACTIONS "

CRA 's --- Plaintiff's three national CRA's files stated herein :
Beginning dates of erroneous and inaccurate reporting ;

| Experian | TransUnion | Equifax |
|---|---|---|
| (1) Plaintiff exhibit E | Plaintiff exhibit P | Plaintiff exhibit N |
| (2) Plaintiff exhibit B | Plaintiff exhibit Q | Plaintiff exhibit O |
| (3) Plaintiff exhibit Ba | Plaintiff exhibit R | |
| (4) Plaintiff exhibit F | Plaintiff exhibit S | |
| (5) Plaintiff exhibit G | Plaintiff exhibit T | |
| (6) Plaintiff exhibit H | Plaintiff exhibit U | |
| (7) Plaintiff exhibit I | Plaintiff exhibit V | |
| (8) Plaintiff exhibit J | Plaintiff Exhibit W | |
| (9) Plaintiff exhibit K | Plaintiff Exhibit X | |
| (10) Plaintiff exhibit L | Plaintiff exhibit Y | |
| (11) Plaintiff exhibit M | Plaintiff exhibit Z | |
| (12) | Plaintiff exhibit Zi | |

Case 6:13-cv-03433-MDH   Document 6   Filed 02/24/14   Page 20 of 30

Plaintiffs negative impacted credit score, see plaintiffs exhibit XII .

Denials of credit :

Plaintiffs exhibit # 24 :

Plaintiffs exhibit # 25 :

Plaintiffs exhibit # 26 :

Increased Insurance costs, and Denials of Insurance :

Plaintiffs exhibit D :

Plaintiffs exhibit E8 :

Actual Business Losses :

Losses began on April of 2010 ;

> (1) Wages/Commissions – past – present _ future ;
> (2) As – Earned Wages/Commissions – past –present- future
> (3) Renewels – past – present – future
> High interest rate loan for business of $ 2000.00 .

## FACTUAL ALLEGATIONS
### PERTAING TO DISPUTING THE DEBT AND VALIDATION OF DEBT

Plaintiff disputed the debt on a ongoing/continuing basis all of which is documented with contracts with credit repair companies, letters, green cards, and all three credit files starting on April of 2010, and including additional dates of 2/7/2012 see plaintiff exhibit # 98, and on 3/7/2012, see plaintiff exhibit # 97, then again on 2/19/2013 see plaintiff exhibit Li and exhibit LL .

VALIDATION OF DEBTS § 1692g(b) -- Until a disputed debt is verified [A]ll further attempts to collect on the debt, including... any subsequent reports to the CRA's, violates[] § 1692g(b) . " Semper v. JCB Legal Grg ., 2005 WL 2172377 , * 4 (W.D. Wash. Sept.6 2005 ) ; see also Quale v. Unifund CCR Parteners , 682 F.Supp . 2d 1274,1278 (S.D. Ala. 2010 )( reporting a disputed , unverified debt to the CRA,s without designating the debt as disputed , violates [] § 1692g(b) .

THE FTC STATEMENT REGARDING § 1692g(b) -- FTC views on reporting to a consumer reporting agency as a collection activity prohibited by § 1692g(b), after a written dispute is received and no verification has been provided . Letter from John F . LeFevre , Atty ., Federal Trade Commission , office of the

Page  17

Secretary, to Robert G. Cass, Compliance Counsel, Commercial Financial Services (December 23, 1997), 1997 WL 33791232. The FTC explains "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay just like [D]unning letters and telephone calls."

## COUNT I - VIOLATIONS OF 15 U.S.C. § 1692g – FAILURE TO VALIDATE

Plaintiff incorporates by reference all of the above paragraphs of this complaint as fully stated herein :

Defendant'(s) have violated § 809 of the FDCPA by not providing proof of the alleged debt as requested by the plaintiffs letter, Dated March 22, 2013. § Validation of Debts U.S.C. § 1692g

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless, the following is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

( 1) the amount of the debt ;

(2) the name of the creditor to whom the debt is owed ;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector ;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof. is disputed, the debt collector will obtain verification of the debt or a copy of such judgement will be mailed to the consumer by the debt collector ; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor .

(b) if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgement, or the name and address of the original creditor, is mailed, to the consumer by the debt collector . Collection activities and communications that do not otherwise violate this title may

Page 18

Continue during the 30 – day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30 –day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a legal pleading in a civil action shall not be treated as an initial communication for the purpose of subsection (a).

PLAINTIFF DEMANDS JUDGEMENT IN THE AMOUNT OF $ 10,000.00 , $ 1000.00 PER DEFENDANT :

## COUNT II VIOLATIONS OF 15 U.S.C. § 1692e

Plaintiff incorporates by reference all of the above paragraphs of this complaint as fully stated herein :

Defendants used false, deceptive or misleading representation or means in connection with the collection of the debt in violation of 15 U.S.C. § 1692e .

PLAINTIFF DEMANDS JUDGEMENT IN THE AMOUNT OF $ 10,000.00 , $ 1000.00 PER DEFENDANT

## COUNT III VIOLATIONS OF 15 U.S.C. § 1692e(10)

Plaintiff incorporates by way of reference all of the above paragraphs of this complaint as fully stated herein :

Defendants made false, deceptive, and misleading statements in an attempt to collect the debt in violation of 15 U..S.C. § 1692 e(10) .

PLAINTIFF DEMANDS JUDGEMENT IN THE AMOUNT OF $ 10,000.00 , $ 1000.00 PER DEFENDANT :

## COUNT IV VIOLATIONS OF 15 U.S.C. 1692e AND 1692 e(10 )

Plaintiff incorporates by way of reference all of the above paragraphs of this complaint as fully stated herein :

Defendants violated 15 U.S.C. § 1692e and § 1692e(10) by using false, deceptive and misleading statements creating a false sence of urgency .

PLAINTIFF DEMANDS JUDGEMENT IN THE AMOUNT OF $ 10,000.00 , $ 1000 PER DEFENDANT :

Page  19

<u>COUNT   V</u>                   <u>NEGLIGENCE -- AGAINST  ALL  DEFENDANT'(s)</u>

Plaintiff incorporates by reference all of the above paragraphs of this complaint as fully stated herein :

Defendant'(s) were negligent in their business efforts of plaintiffs account .
Plaintiff was harmed and suffered ongoing injury'(s) that are [S]ubstantial as described herein :
Defendant'(s) negligence was a substantial factor in causing plaintiffs harm .
Each of the Defendant'(s) had a known [S]tatutory [D]uty to ensure that they complied with the law as mandated in the [FDCPA] and [FCRA] especially § 623 of the [ FCRA ] .
Defendant'(s) were negligent for one of the following , errors or omissions ;
failure to use reasonable care in administering information to the
( A )  the three CRA's ;
( B ) debt collection activities ; .
Defendant'(s) repeatedly knew about furnishing inaccurate information in violation of section § 623 .

<u>COUNT   VI</u>                <u>NEGLIGENT  TRAINING -- AGAINST ALL DEFENDANT'(s)</u>

Plaintiff incorporates by reference all of the above paragraphs of this complaint as fully stated herein :

Defendant'(s) were negligent in the training , and or supervision of its employees  .
Defendant'(s) actions and omissions constitute negligence in that defendant'(s) owed Plaintiff a known ( [Federal] [S]tatutory [D]uty ) , and failed to train and or supervise its employees properly , said duty was [b]reached , and said [b]reach was proximate cause of damages suffered by Plaintiff .
The actions and omissions of Defendant'(s) as described herein constitute gross negligent training and or supervision , and Defendant'(s) owed Plaintiff a [D]uty , and Supervise its employees properly , said duty was breached , said breach was the proximate cause of damages suffered by Plaintiff , and Defendant'(s) actions and omissions demonstrate a want of scant care and an indifference to rights of Plaintiff .
The repeated actions were ( [Willful , [M]alicious and wanton . The actions of Defendant'(s) were highly unreasonable and demonstrated an extreme departure from ordinary care and against all prudent business practices . Plaintiff has suffered extreme damages that are ongoing as a direct result of the actions by Defendant'(s) clearly stated [ H ]erein . :

Page   20

## COUNT V II

<u>VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY REPORTING</u>

<u>ERRONEOUS AND INACCURATE INFORMATION</u>

Plaintiff incorporates by reference all of the above paragraphs of this complaint as fully stated herein :

Pursuant to the Fair Credit Reporting Act , Section 623 . Responsibilities of furnishers of information to consumer reporting agencies [ 15 U.S.C. § 1681 s - 2 ] :

<u>§ 623  Responsibilities of furnishers of information to consumer reporting agencies</u>

<u>[ 15 U.S.C. § 1681s – 2 ]</u> :

( a ) Duty of furnishers of information to provide accurate information .

( 1 ) Prohibition

( A ) Reporting information with the actual knowledge of errors . A person shall not furnish information relating to a consumer – reporting agency if the person knows or consciously avoids knowing that the information is inaccurate .

( B ) Reporting information after notice and confirmation of errors . A person shall not furnish information relating to a consumer to any consumer – reporting agency if

( i ) <u>the person has been notified by the consumer , at the address specified by the person for such notice , that specific information is inaccurate ; and</u>

( ii ) the information is , in fact , inaccurate .

( 2 ) Duty to correct and update information . A person who

( A ) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transaction or experiences with any consumer ; and

( B ) has furnished to a consumer reporting agency information that the person determines is not complete or accurate , shall promptly notify the consumer reporting agency of that determination and provide to the agency any correction to that information or any additional information , that is necessary to make the information

Page  21

Provided by the person to the agency complete and accurate and [ shall not ] thereafter furnish to the agency any of the information that remains not complete or accurate .

( 3 ) Duty to provide notice of dispute . If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer , the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer .

( b ) Duties of furnishers of information upon notice of dispute .

( 1 ) In general . After receiving notice pursuant to section 611 ( a ) ( 2 ) [ § 1681i ] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency , the person shall

( A ) conduct an investigation with respect to the disputed information ;

( B ) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2)[ § 1681i ] ;

( C ) report the results of the investigation to the consumer reporting agency ; and

( D ) if the investigation finds that the information is incomplete or inaccurate , report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintains files on consumers on a nationwide basis .

( 2 ) Deadline . A person shall complete all investigations , reviews , and reports required under paragraph ( 1 ) regarding information provided by the person to a consumer reporting agency , before the expiration of the period under section 611 ( a ) ( 1 ) [ 1681i ] within the consumer reporting agency is required to complete actions required by that section regarding that information .

§ 616  Civil liability for willful noncompliance [ 15 U.S.C. § 1681 n ]

( a ) In general . Any person who willfully fails to comply with any requirements imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of ( 1 ) ( A ) any actual damages sustained by the consumer as a result

Page  22

of the failure of not less than $ 100.00 and not more than $ 1000.00, (2) such amount of punitive damages as the court may allow ; and ( 3 ) in the case of any successful action to enforce any liability under this section , the costs of the action together with reasonably attorney's fees as determined by the court .

§ 617 Civil Liability for Negligent Noncompliance [ 15 U.S.C. § 1681o ] .

( a ) in general any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of :
( 1 ) any actual damages sustained by the consumer as a result of the failure :
( 2 ) in the case of any successful action to enforce any liability under this section , the costs of the action together with reasonable attorney's fees as determined by the court .

PLAINTIFF DEMANDS JUDGEMENT IN THE AMOUNT OF $ 1 , 235.000.00 x 10 DEFENDANTS = $ 12 ,235.000.00 . DEFENDANTS VIOLATED THIS ACT BEGINNING ON APRIL 13 , 2010 . By failing to correct Plaintiffs three CRA's . in violation of 15 U.S.C. § 1681s-2 § 1681o of the Fair Credit Reporting Act Statute , cited above .

COUNT VIII  ADDITIONAL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY FAILING TO MARK THE ACCOUNT IN DISPUTE ON PLAINTIFFS CRA's

Plaintiff repeats re-alleges and incorporates by reference all other paragraphs as fully stated herein :

PLAINTIFF DEMANDS JUDGEMENT IN THE AMOUNT OF $ 1 ,235.000.00 x 10 DEFENDANTS = $ 12,235.000.00 : as Defendants violated the Act by updating the Plaintiffs three CRA's , beginning on April 13 , 2010 to present , by failing to report the account in dispute . Defendants are in violation of 15 U.S.C. § 1681s- 2 §n and § 1681o of the Fair credit Reporting Act Statute cited above .

Page  23

## COUNT VIIII

## TORT -- IN -- SE

Plaintiff repeats, re – alleges and incorporates by reference all other paragraphs as though fully stated herein :

Defendant's violated a [ CLEARLY ESTABLISHED FEDERAL STATUTORY LAW , FCRA 15 U. S. C. § 1681n and 15 U.S.C. § 1681o ] & [ FDCPA 15 U. S. C. § 1601 et seq. ] .

Defendant's violated a statutory [ DUTY ] due another and thus liable under the ,

[ DOCTRINE OF TORT – IN – SE ]

### PLAINTIFFS PRAYER

Plaintiff Terry D. Owens Demands a " Trial By Jury " on all claims , including , but not limited to [A]ctual Damages , [P]unitive Damages , [C]ompensatory Damages , [S]tatutory Damages , [H]edonic Damages , that may be awarded against all Defendant'(s) .

### SUMMATION

Plaintiff has shown [ Actual and Defineable ] Damages against the Defendant'(s) . Plaintiff has disputed this account and requested [V]alidation for in excess of three years . Plaintiff has hired two credit repair companies to assist in correcting these negative discrepancies , but to no avail .

Plaintiff has been forced to use a " High interest rate -- Personal – Signature Loan Co. " in order to be able to run/manage a lead driven Insurance Business .

Plaintiff has documented over three years of Defendant'(s) willful neglect of failing to properly report to the three CRA,s .

Plaintiff has documented the ( [C]hronic Health Issues ) solely based upon Defendant"(s) willful interference and Falsely reporting on Plaintiffs three CRA,s .

Plaintiff has documented the Denials of credit .

Plaintiff has documented the Insurance rate increase , and denials of Insurance .

Page 24

Thereby directly interfering with Plaintiffs ability to receive long term meaningful financing to opertate a successful financial anf insurance business .

Plaintiff has suffered , long term damages in the form of mental . emotional , physical pain , reputation , embarrassment to personal and business , and ongoing medical concers , and the huge concern of rising health care and medical costs .

Plaintiff has lost immediate wages in the form of advance commissions ,as −earned commissions , and depending on the individual company lifetime renewals , which would have been used for retirement is all completely eliminated .

Plaintiff has lost all enjoyment of several daily activities that most men and women would take for [G]ranted .

### REQUEST FOR RELIEF

Plaintiff Demands [C]ompensatory Damages in the amount of $2.500.000.00 .

Plaintiff Demands [P]unitive Damages in the amount of  $ 4.500.000.00 .

Plaintiff Demands [H]edonic Damages in the amount of $ 3,500.000.00  for the ongoing physical ailments , and for the complete loss of , ( [E]njoyment of life and all liberties) associated as such , see McGuire v City of Santa Fe , 954 F. Supp , 230 (D.N.H.M. 1996 ); Banks v Sunrise Hospital 102 P.3d 52 ; 2004 Nev ., LEXIS 121 ( Nevada 2004 ); Hendrickson v. State of Montana 2004 MT 20 ; 319 MONT, 307 ; 84 P.3d 38 (Montana) ; McGee v Ac and S, Inc., 933 so. 2d 770 ; 2006 La Lexis 2139 (La 2006 ; Amderson v. Hale 2002 U.S. Dist. LEXIS 28 . 281 ( W.D. OK. 2002 ) .

Therefore , Plaintiff Terry D. Owens brings forth to this Honorable Court this action against Defendant's(s) for their  ( [W]iilful and [R]eprehensible business practices ) . At any time , or once this action is moved to  RULE 26  as ordered by this court . Plaintiff will be open to an  Amicable  Settlement Agreement , agreeable to all parties anytime the Defendant"(s) are willing to come to the table . This may be settled under  RULE 408  .

Sincerely Submitted , this _____ .

Page  25

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING COMPLAINT / SUMMONS :

TERRY D. OWENS

V .

CENTRAL BANK a.k.a. also known as The Central Trust Bank ' and all Member / Affiliate Banks . And all Co – Defendant's listed within this Complaint at 238 Madison Street , Jefferson City , Missouri 65101 has been served upon the Defendant's via process server / and or U. S. Marshalls at it's Corporate Business location . Accompanied with Affidavit of service of process service receipt to be submitted to the , Clerk of Court :


On or about this _____


                                        Terry D. Owens Pro ' se

                                        4174 State Rt . 17

                                        Pomona , Missouri 65789