IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TERRY D. OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:13-cv-03433-MDH |
| ) | |
| CENTRAL TRUST BANK, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 49) for failure to state a claim. The Court, after careful consideration, **GRANTS IN PART AND DENIES IN PART** Defendants' motion.

## BACKGROUND

On February 24, 2014, the Court granted Plaintiff leave to proceed with the present case in forma pauperis. Defendants filed a motion to dismiss the complaint. On April 30, 2014, in response to Defendants' motion to dismiss, the Court granted Plaintiff thirty (30) days to file an amended complaint in order to comply with the pleading requirements under the Federal Rules of Civil Procedure. Plaintiff filed a First Amended Complaint on May 19, 2014. Defendants again filed a motion to dismiss. On August 18, 2014, the Court sustained Defendants' second motion to dismiss and allowed Plaintiff one last opportunity to address the deficiencies in his complaint. Plaintiff filed a Second Amended Complaint on September 16, 2014. Defendants now seek to dismiss Plaintiff's Second Amended Complaint for failure to state a claim.

1

## STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). While "pro se complaints are to be construed liberally," the Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), *quoting Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

## ANALYSIS

Plaintiff pleaded sufficient facts to state a plausible claim under the Fair Credit Reporting Act (FCRA). Although the Second Amended Complaint remains disorganized, continues to assert arguments struck down by the Court, and contains over 250 pages of exhibits, the Court finds the Second Amended Complaint contains sufficient factual allegations, accepted as true, to state a plausible claim under 15 U.S.C. § 1681s-2(b) against the bank defendants.[1]

---

[1] "Bank defendants" as used herein refers to Central Bank (charter #s KOOOO2095, X00126219, U00000057) and Central Trust Bank. As this stage in the litigation, Plaintiff pleaded sufficient facts to infer these bank entities are

### A. Claims under Section 1681s-2(b) against Bank Defendants

As stated in the Court's Order dated August 19, 2014 (Doc. 41), a furnisher of credit information has a duty to investigate the accuracy of reported information when it receives of a notice of dispute from a credit reporting agency, as stated in 15 U.S.C. § 1681s–2(b). Plaintiff's complaint previously failed to: (1) allege sufficient facts to infer Defendants' duties were triggered through receipt of a notice of dispute from a credit reporting agency, and (2) describe the purportedly incomplete or inaccurate information that was furnished by Defendants. The Second Amended Complaint provides sufficient additional information to cure the previous deficiencies.

The Second Amended Complaint alleges that Plaintiff had a credit card through Boone County National Bank, that Plaintiff noticed his credit card was used by someone else, that Defendants reported to credit reporting agencies that Plaintiff's credit card account was in default even though Defendants knew Plaintiff was not obligated to pay the debt, and that Plaintiff reported the associated errors in his credit report to the credit reporting agencies. *See* Second Am. Compl. ¶¶ 20-23. Plaintiff's exhibits further show that the credit reporting agencies investigated Plaintiff's disputed information and verified the debt. See Pl.'s Exs. 5, 11, 18, 27. Defendants allegedly failed to conduct an investigation and modify the erroneous or inaccurate information from Plaintiff's credit report. *See* Second Am. Compl. ¶¶ 69 (p. 7), 53 (p.11-12).

Accepting these factual allegations as true, the Court finds that Plaintiff sufficiently states a claim under section 1681s–2(b). Plaintiff alleges the bank defendants reported a debt to the credit reporting agencies that Plaintiff did not legitimately owe because someone fraudulently

---

furnishers subject to the FCRA. Plaintiff's Second Amended Complaint removed as defendants: Does A-Z (individual and corporate), Boone County National Bank, All Secured Parties, Central Bancompany, Central Bancompany Inc., and Central Bancompany Merger Corporation. *See* Doc. 51, 3.

used his credit card; Defendants supposedly knew Plaintiff did not owe the debt. Accepting these allegations as true, the Court can plausibly infer that incomplete or inaccurate information that was furnished by the Defendants to credit reporting agencies. *Cf. Green v. First Premier Bank*, No. CIV. 11-4039-KES, 2011 WL 5837265, at *3 (D.S.D. Nov. 21, 2011) (holding Plaintiff failed to state claim where he alleged reporting of "invalid debt" but did not allege he paid the debt or any other facts suggesting that he did not legitimately owe the debt reported by the bank).

Furthermore, Plaintiff reported the alleged error to three credit reporting agencies, which verified the debt. These allegations and the Plaintiff's exhibits sufficiently infer an allegation that the bank defendants received the triggering notice required under section 1681s–2(b). *See Lee v. Wells Fargo Home Mortgage*, No. 11-0633-CV-W-HFS, 2011 WL 5025877, at *2 (W.D. Mo. Oct. 21, 2011) ("Had plaintiffs alleged that they themselves notified a credit reporting agency of the dispute, further discovery might be in order. Here, however, there is no such allegation."); *see also Young v. LVNV Funding, LLC*, No. 4:12CV01180AGF, 2012 WL 5508407, at *3 (E.D. Mo. Nov. 14, 2012) (supporting the view that notifying CRA's of disputed information is sufficient to infer CRA notified furnisher); *see also Himmelstein v. Comcast of the Dist., L.L.C.*, 931 F. Supp. 2d 48 (D.D.C. 2013).

Finally, Plaintiff's general and conclusory allegation that Defendants conducted an unreasonable investigation and failed to remove incorrect information is sufficient to defeat a motion to dismiss for failure to state a claim. *See Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1039 (D. Minn. 2010) *aff'd*, 413 F. App'x 925 (8th Cir. 2011) ("As a general rule, whether an investigation is "reasonable" under the FCRA is a question of fact for the jury."); *see also Hurocy v. Direct Merchants Credit Card Bank, N.A.*, 371 F. Supp. 2d 1058,

4

1060 (E.D. Mo. 2005). Plaintiff is entitled to discovery on what the creditors' notices stated and what investigation the bank defendants conducted. *See, e.g., Anderson v. EMC Mortgage Corp.*, 631 F.3d 905, 908 (8th Cir. 2011) ("Because a furnisher's obligation to conduct a reasonable investigation under § 1681s–2(b) arises when it receives a notice of dispute from a CRA, it need investigate only what it learned about the nature of the dispute from the description in the CRA's notice of dispute."); *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) ("Finally, what is a reasonable investigation by a furnisher may vary depending on the circumstances. For instance, a more limited investigation may be appropriate when CRAs provide the furnisher with vague or cursory information about a consumer's dispute."); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). Therefore, an argument concerning the reasonableness of an investigation under section 1681s–2(b) is more appropriate for a motion for summary judgment. *See id.*

### B. Other Claims

Plaintiff's other allegations – those relating to section 15 U.S.C. § 1681s-2(a) and those against individual defendants – fail to state a claim. To the extent that Plaintiff attempts to proceed with those allegations, such claims are dismissed.

As stated in the Court's Order dated August 19, 2014 (Doc. 41), a furnisher of information must also comply with separate duties listed under 15 U.S.C. § 1681s-2(a). That section generally requires furnishers to provide complete and accurate information relating to consumers.[2] Section 1681s-2(a), however, is enforceable only by government officials and/or

---

[2] More specifically, section 1681s-2(a) includes a prohibition on reporting false information; duties to correct and update information provided, to provide notice of dispute, to provide notice of closed accounts, to provide notice of delinquent accounts, to perform certain duties upon notice of identity theft related information, and to perform certain duties related to the furnishing of negative information; creates certain duties for furnishers upon direct notice of dispute by a consumer; and contains a duty to provide notice of status as a medical information furnisher. *See* 15 U.S.C. § 1681s-2(a)(1)-(9).

agencies. *See* 15 U.S.C. § 1681s-2(c) & (d). Thus, Plaintiff cannot assert a claim under section 1681n or 1681o relating to his *direct* communications with Defendants;[3] such a claim falls under section 1681s-2(a)(8), which falls under 1681s-2(a), which is not subject to enforcement through private suits under 1681n or 1681o. The same reasoning applies to any specific duty prescribed to furnishers under section 1681s-2(a).[4] Accordingly, such claims are dismissed.

Furthermore, Plaintiff does not state a valid FCRA claim against the two individual defendants. First, Plaintiff does not allege that the individual defendants are credit furnishers subject to the provisions of section 1681s-2.[5] Second, based on the facts within the complaint, the individual defendants cannot be liable under the FCRA as "any person" subject to the provisions of section 1681n or 1681o, as Plaintiff alleges. The facts within Second Amended Complaint relating to the individual defendants concern three letters of correspondence to Plaintiff, which arose from Plaintiff's "direct dispute" of incorrect information to the defendant bank furnishers. Assuming *arguendo* that Plaintiff correctly stated the contents of the letters,[6] and assuming *arguendo* that the individual defendants qualify as "furnishers" under the Act, direct disputes are not subject to private enforcement suits under 1681n or 1681o. Plaintiff did not otherwise allege the individual defendants are subject to the FCRA.[7]

---

[3] *See* Second Am. Compl. ¶¶ 55-57, 191-194.

[4] *See* Second Am. Compl. ¶¶ 46-47, 58-107, 58-59 (p. 19), 195, 206-211 .

[5] As stated in the Court's prior order, a "furnisher" is "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 C.F.R. § 717.41(c). The individual defendants are not "entities" and the Second Amended Complaint does not plausibly infer that the individual defendants furnished credit information to the consumer reporting agencies.

[6] Plaintiff misstates the letters within his allegations. Plaintiff alleges that Defendants Gerling and Stonum advised him that the FCRA does not apply and that Defendant Stonum acknowledged the triggering notice from a credit reporting agency. *See, e.g.*, Second Am. Compl. ¶¶ 73, 77. The letters attached as exhibits clearly show Plaintiff is incorrect. *See* Pl.'s Exs. 41-43.

[7] "Most of the FCRA concerns credit reporting agencies and the persons who use that information to make credit and employment decisions." *See Murray v. JPMorgan Chase NA*, No. 10-3097, 2010 WL 3283012, at *5 n. 2 (C.D.

6

# DECISION

Based on the foregoing analysis, Defendants' Motion to Dismiss the Plaintiff's Second Amended Complaint (Doc. 49) is hereby **GRANTED IN PART AND DENIED IN PART**. Plaintiff sufficiently states a claim against the bank defendants, Central Bank and Central Trust Bank, under 15 U.S.C. § 1681s-2(b). Plaintiff's other attempted claims, including those related to individual defendants and those that arise under 15 U.S.C. § 1681s-2(a), are dismissed. Defendants Gerling and Stonum are hereby dismissed from this action.

**IT IS SO ORDERED**.

Dated: November 5, 2014

 /s/ Douglas Harpool
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE

---

Ill. Aug. 18, 2010). "The FCRA contains only one provision that regulates persons who provide information to credit reporting agencies. 215 U.S.C. § 1681s-2. Section 1681s-2(c) authorizes one private cause of action against persons providing information who violate § 1681s-2(b). Section 1681s-2(b) requires persons providing information to investigate disputed information only after the *credit reporting agency* notifies the person in writing that the information is disputed." *Id.* at *5 (emphasis added) (internal citations omitted).